FILED
MAY 13 2005

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 05-10005 |
| Plaintiff, | |
| -vs- | ORDER AND OPINION ADOPTING REPORT AND RECOMMENDATION |
| CLAUDETTE RAIGH WALKING ELK, | |
| Defendant. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Defendant filed a motion (Doc. 20) to dismiss the indictment on the grounds that (1) the federal court prosecution violated the policy recognized in Petite v. United States, 361 U.S. 592 (1960); (2) defendant's federal court prosecution in violation of the so-called "Petite policy" denied her equal protection and due process, and (3) her prosecution in both tribal and federal court violated the double jeopardy clause. The motion came on for hearing before magistrate Myles J. Devine on April 7, 2005, with the government appearing by Assistant U.S. Attorney Mikal Hanson and the defendant appearing in person and with her attorney, Terry L. Pechota. Magistrate Devine issued his report and recommendation on the record, finding that the motion to dismiss was frivolous. He issued a formal report and recommendation (Doc. 42) based upon his oral findings on April 8, 2005, recommending that the motion be denied. The defendant filed objections (Doc. 46). The Court has conducted a *de novo* review of the record, including the transcript of the motions hearing.

**I. Petite Policy.**

The Petite policy was first recognized in Petite v. United States, 361 U.S. 529, 80 S.Ct. 450, 4 L.Ed.2d 490 (1960) and provides:

> United States Attorneys are forbidden to prosecute any person for allegedly criminal behavior if the alleged criminality was an ingredient of a previous state prosecution against that person. An exception is made only if the federal prosecution is specifically authorized in advance by the

>Department [of Justice] itself, upon a finding that the prosecution will serve "compelling interests of federal law enforcement."

Thompson v. United States, 444 U.S. 248, 100 S.Ct. 512, 62 L.Ed.2d 457 (1980). It is well settled that the Petite policy is an internal administrative policy which does not confer substantive rights upon an accused. United States v. Kummer, 15 F.3d 1455, 1461 (8th Cir. 1994), United States v. Lester, 992 F.2d 174, 176 (8th Cir. 1993), United States v. Staples, 747 F.2d 489, 491 (8th Cir. 1984). "[A]n individual defendant cannot avoid prosecution on the basis of this policy." Staples, 747 F.2d at 491. In any event, the plain language of the policy limits its application only to state and federal prosecutions, not tribal court prosecutions.

## II. Equal Protection.

Defendant contends that she has been denied equal protection and due process because she was convicted in Standing Rock Sioux Tribal Court and is being charged in federal court only because she is an Indian. If she were a non-Indian, she contends, she would have been charged in Corson County and the Petite policy would have prevented her subsequent federal criminal prosecution. As set forth above, the Petite policy confers no substantive rights upon an accused. In addition, defendant has no standing to raise such a claim.

## III. Double Jeopardy.

Defendant contends that her prosecution in both tribal and federal court for the same assaultive conduct violates the Fifth Amendment prohibition against double jeopardy because the Standing Rock Sioux Tribal Court and virtually all aspects of its law enforcement undertakings are funded by the federal government through the Bureau of Indian Affairs. This contention is frivolous. The dual sovereignty exception to the double jeopardy clause is well accepted. *See* United States v. Red Bird, 287 F.3d 709, 715 (8th Cir. 2002). Indian tribes' right to try and punish individuals who transgress their laws is inherent in the tribes' sovereignty. *Id*. at 713 n. 5. Because the power to prosecute is inherent and not delegated, United States v. Lara, 541 U.S. 193, 210, 124 S.Ct. 1628, 1639, 158 L.Ed.2d 420 (2004), the financial relationship between the tribe and the federal government is irrelevant. United States v. Archambault, 97 Fed. Appx. 59, 2004 WL 1058069 (8th Cir. 2004).

Defendant contends that the charges are identical and not discrete, preventing her present federal prosecution. Any discussion of such issues as the discrete nature of the offense and identical elements concern whether, for Sixth Amendment purposes, the right to counsel attaches in an earlier tribal prosecution. See Red Bird, 287 F.3d at 713-14. Such issues do not affect the double jeopardy analysis.

IV. **Comity.**

Defendant contends that the principles of comity and reciprocity restrict the right or ability of the United States to maintain the federal prosecution. This contention is frivolous, was not supported by any authority by the defendant, and warrants no further discussion.

V. **Inherent Authority.**

Finally, defendant contends that this Court, in exercising its inherent authority to maintain control over its docket, has the discretion to determine that the federal prosecution is not justified and should be dismissed. This contention is frivolous, was not supported by any authority by the defendant, and warrants little discussion. This contention undermines the separation of powers which is the cornerstone of the federal system. Federal judges cannot and should not dismiss criminal actions brought by the executive branch under the guise of "preserving the time, energy, and resources of the Court" as suggested by the defendant.

Now, therefore,

IT IS ORDERED:

1. The defendant's objections (Doc. 46) to the magistrate's report and recommendation are overruled.

2. The report and recommendation (set forth orally on the record and at Doc. 42) is adopted.

3. The motion (Doc. 20) to dismiss the indictment is denied.

Dated this 13th day of May, 2005.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _____
DEPUTY
(SEAL)